**UNITED STATES of America ex rel. Joseph DeGRANDIS, Relator-Appellant,**

v.

**Hon. Harold W. FOLLETTE, as Warden of Green Haven State Prison, Stormville, New York, Respondent-Appellee.**

**No. 428, Docket 31139.**

United States Court of Appeals
Second Circuit.

Argued April 11, 1968.

Decided June 28, 1968.

Phylis Skloot Bamberger, Anthony F. Marra, New York City, for relator-appellant.

Michael H. Rauch, Asst. Atty. Gen., Samuel A. Hirshowitz, First Asst. Atty. Gen., Louis J. Lefkowitz, Atty. Gen. of New York, for respondent-appellee.

Before LUMBARD, Chief Judge, WATERMAN and KAUFMAN, Circuit Judges.

PER CURIAM:

Appellant was a joint defendant with Frank DeForte and others in the County Court, Nassau County, New York, and he and two of his codefendants, DeForte and Ernest Zundel, were convicted.

Introduced into evidence against the defendants were records of Local 266 of the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, of which local the appellant, DeForte, and Zundel were officers. The records were obtained through a search violative of the Fourth Amendment. Over the defendant's objections the records were admitted against him at his trial. The state remedies of the three convicted codefendants were exhausted without any relief having been obtained, see United States ex rel. DeForte v. Mancusi, 379 F.2d 897,

899 (2 Cir. 1967) where Judge Kaufman refers to the proceedings in the New York state courts and the subsequent denial of certiorari to the United States Supreme Court, sub nom. DeGrandis v. New York, 375 U.S. 868, 84 S.Ct. 91, 11 L.Ed.2d 95 (1963). Thereafter DeForte and appellant sought the issuance of federal writs of habeas corpus in which they prayed for release from state custody because of the admission against them of the unconstitutionally obtained records. Their petitions were denied on the ground that neither of them had standing to challenge the legality of the seizure and could not sustain claims of prejudice because the evidence introduced against them was obtained by a search directed against the union local and not against them personally.

They were granted certificates of probable cause. DeForte's appeal to us was argued in June 1967 and a unanimous decision of our court, 379 F.2d 897 (1967) reversed the district court. We held that DeForte had standing to challenge the introduction against him at his trial of the unconstitutionally seized records of the union. The Warden, i. e., the State of New York, obtained certiorari, Mancusi v. DeForte, 390 U.S. 903, 88 S.Ct. 816, 19 L.Ed.2d 869 (Jan. 22, 1968), and the appeal of appellant DeGrandis to our court was heard by us while the DeForte appeal was pending argument in the United States Supreme Court. As the circumstances relative to DeForte and DeGrandis were virtually identical we withheld judgment until the DeForte proceedings should have been terminated. The Supreme Court affirmed our disposition of the DeForte appeal, 392 U.S. 364, 88 S.Ct. 2120, 20 L.Ed.2d 1154 (June 17, 1968). Accordingly we reverse the denial of appellant's petition and remand to the district court for the issuance of the writ of habeas corpus.